

# Missouri Court of Appeals
## Southern District

### In Division

VICKY FRANCO, )
                                   )
    Plaintiff-Appellant, )
                                   )
v. )    No. SD37714
                                   )
LESTER E. COX MEDICAL )    **Filed:  August 29, 2023**
CENTERS, et al., )
                                   )
    Defendants-Respondents. )

### APPEAL FROM THE CIRCUIT COURT OF GREENE COUNTY

Honorable Jason R. Brown

**<u>APPEAL DISMISSED</u>**

This appeal arises from a jury's verdict in favor of defendants Lester E. Cox Medical Centers, et al. ("Respondents") on tort claims brought by plaintiff Vicky Franco ("Appellant").  Because the extensive deficiencies in Appellant's brief preserve nothing for us to review, we grant Respondents' well-taken motion to dismiss the appeal.

### Mandatory Requirements for Appellate Review

Apart from questions of jurisdiction of the trial court over the subject matter, allegations of error not briefed or properly briefed shall not be considered in any civil appeal and allegations of error not presented to or expressly decided by the trial court shall not be considered in any civil appeal from a jury tried case.

1

Rule 84.13.[1]

"Rule 84.04 provides a clear and cogent statement of the minimum requirements for appellate briefing." ***Young v. Mo. Dep't of Soc. Servs.***, 647 S.W.3d 73, 75 (Mo. App. E.D. 2022). Adherence to the appellate briefing rules "allows this Court to conduct a meaningful review of the issues and ensures the proper functioning of the adversary nature of our judicial system." ***Id.*** Compliance with the rules is essential, and an appellant's failure to comply with Rule 84.04 in any respect generally preserves nothing for review. ***Id.*** at 75-76.

Appellant's first major violation of Rule 84.04 concerns her points relied on.

> Rule 84.04(d) mandates that each point relied on "be in substantially the following form: 'The trial court erred in [*identify the challenged ruling or action*], because [*state the legal reasons for the claim of reversible error*], in that [*explain why the legal reasons, in the context of the case, support the claim of reversible error*].'"

***Steiner v. Rolfes***, 602 S.W.3d 313, 315 (Mo. App. S.D. 2020).

The following is a *verbatim* recitation of Appellant's points:

> I. THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION FOR NEW TRIAL BECAUSE IT ALLOWED THE JURY TO DECIDE THE CASE BASED ON MISSTATEMENTS OF THE LAW, IN THAT IT GAVE ERRONEOUSLY ARGUMENTATIVE JURY INSTRUCTIONS AND ALLOWED [RESPONDENTS'] COUNSEL TO MISSTATE THE LAW.

> II. THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION FOR NEW TRIAL BECAUSE IT ALLOWED APPELLANT TO BE SUBJECTED TO UNFAIR SURPRISE, IN THAT IT FAILED TO GRANT A MISTRIAL AFTER HIGHLY PREJUDICIAL EVIDENCE NOT DISCLOSED IN DISCOVERY WAS ADMITTED.

> III. THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION FOR NEW TRIAL BECAUSE IT MADE SEVERAL ERRONEOUS EVIDENTIARY RULINGS, IN THAT IT BOTH

---

[1] All rule citations are to Missouri Court Rules (2023). Appellant does not claim that the circuit court lacked subject-matter jurisdiction.

EXCLUDED ADMISSIBLE EVIDENCE AND ADMITTED
INADMISSIBLE EVIDENCE.

IV. THE TRIAL COURT ERRED IN DENYING APPELLANT'S
MOTION FOR NEW TRIAL BECAUSE IT DENIED APPELLANT AN
IMPARTIAL JURY, IN THAT IT DID NOT PROPERLY CONDUCT
VOIR DIRE.

V. THE TRIAL COURT ERRED IN DENYING APPELLANT'S
MOTION FOR NEW TRIAL BECAUSE THE CUMULATIVE EFFECT
OF ITS ERRORS PREJUDICED APPELLANT, IN THAT THEY
COMBINED TO DENY APPELLANT A FAIR TRIAL.

We first note that all of Appellant's points purport to appeal the circuit court's

denial of a motion for new trial, which not is not an appealable order. ***Roesch v. Birch-***

***Edmundson***, 667 S.W.3d 679, 682 (Mo. App. E.D. 2023). This particular defect is not

fatal, however, because our court will typically consider that assertion as an appeal of the

final judgment. ***Id.*** Unfortunately, the points have additional deficiencies that cannot be

avoided.

All five points are multifarious in that they contain more than one distinct claim

of error. ***Id.*** After stating a general, indistinct ruling, the points then go on to cite

additional claims of error within that individual point. For example, Appellant's first

point claims the circuit court erred in "instructing the jury" (without identifying the

instruction at issue[2]), and it then cites eight additional allegedly erroneous actions.

"Multifarious points relied on are noncompliant with Rule 84.04(d) and preserve nothing

for review." ***Id.*** (quoting ***Librach v. Librach***, 575 S.W.3d 300, 307 (Mo. App. E.D.

2019)).

---

[2] Further, "[i]f a point relates to the giving, refusal or modification of an instruction, such instruction shall be set forth in full in the argument portion of the brief." Rule 84.04(e). Appellant failed to do so in connection with points I and V, each of which challenges the giving of an (unidentified) instruction.

Appellant's points also fail to state the legal reason why the ruling was erroneous in the context of the case -- a violation of Rule 84.04(d)(1). "Given that a template is specifically provided for in Rule 84.04(d)(1), appellants simply have no excuse for failing to submit adequate points relied on." ***Scott v. King***, 510 S.W.3d 887, 892 (Mo. App. E.D. 2017). Appellant's failures to submit adequate points relied on in compliance with Rule 84.04(d)(1) preserves nothing for appellate review and is fatal to her appeal.

Moreover, the argument sections of Appellant's brief contain very few citations to the record. Rule 84.04(e) requires every factual assertion to reference a specific page of the relevant document in the record on appeal.

Finally, Appellant's statement of facts contains argument. For example, Appellant states that she was "subjected to discriminatory and harassing comments by her co-workers and supervisors based upon her race and national origin[,]" and subsequently had "unnecessary work restrictions" imposed upon her based upon a "discriminatory policy[.]" Rule 84.04(c) directs that "[t]he statement of facts shall be a fair and concise statement of the facts relevant to the questions presented for determination without argument."

Due to Appellant's failure to comply with the mandatory requirements of Rule 84.04, her improper briefing prevents us from considering any of her allegations of reversible error. *See* Rule 84.13. The appeal is dismissed.

DON E. BURRELL, J. – OPINION AUTHOR

JEFFREY W. BATES, J. – CONCURS

JENNIFER R. GROWCOCK, J. – CONCURS